UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KYLE JAMAR HARRY                                CIVIL ACTION

VERSUS                                          NO. 21-1269

TRAVIS DAY, ET AL.                              SECTION: "J"(3)

### ORDER & REASONS

Before the Court is a petition for issuance of a writ of habeas corpus (Rec. Doc. 3); the Magistrate Judge's Report and Recommendation (Rec. Doc. 12); and an objection filed by Petitioner (Rec. Doc. 13). Having considered the petition, the applicable law, the Magistrate Judge's Report and Recommendation, and Petitioner's objection, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as its opinion in this matter.

### FACTS AND PROCEDURAL BACKGROUND

This case arises from Petitioner Kyle Harry's January 11, 2008 conviction for second degree murder under Louisiana law. The majority of the relevant facts are set forth in Magistrate Judge Douglas' Report and Recommendation. However, this Court writes separately to address the unique issues raised in Petitioner's objection.

### DISCUSSION

In his objection, Petitioner argues that his petition for writ of habeas corpus is timely—in contrast to the Magistrate Judge's finding. Petitioner cites the U.S. Supreme Court case *Martinez v. Ryan* as an excuse for his procedural default. 566 U.S. 1 (2012). The *Martinez* Court carved out a narrow exception to a previously

1

established rule—that rule being that an attorney's negligence is not cause which justifies a procedural default. *Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner cherry-picks language from the *Martinez* decision to support his argument. (Rec. Doc. 13 at 4). However, the *Martinez* Court made abundantly clear that the exception it carved out was extremely narrow. The Court wrote:

> This limited qualification to *Coleman* does not implicate the usual concerns with upsetting reliance interests protected by *stare decisis* principles. *Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true *except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial.*

566 U.S. at *15 (emphasis added).

Petitioner seeks to extend *Martinez* beyond its narrow scope. The heart of Petitioner's claims involves improper voir dire—and he mentions ineffective assistance of counsel only in passing. This is insufficient to meet the strict standard articulated in *Martinez*.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection (Rec. Doc. 13) is **OVERRULED**, and the Magistrate Judge's Report and Recommendation (Rec. Doc. 12) is **APPROVED** and **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that the petition for issuance of a writ of habeas corpus (Rec. Doc. 3) is **DISMISSED WITH PREJUDICE** as untimely.

New Orleans, Louisiana, this 17th day of March, 2022.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE